# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-035-MOC-DCK

| | |
|---|---|
| VIVIAN C. MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION AND** |
| ) | **ORDER** |
| CONVERGYS CORPORATION, and ) | |
| IONA IVEY ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Convergys' Motion To Dismiss Plaintiff's Complaint" (Document No. 11). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

*Pro se* Plaintiff Vivian C. Mitchell ("Plaintiff" or "Mitchell") initiated this action with the filing of a "Complaint" on January 20, 2015. (Document No. 1). Plaintiff's asserts claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination based on race, color, sex, and age. (Document No. 1, pp.1-3). Plaintiff contends she is "entitled to 1 million dollars of relief." (Document No. 1, p.6).

Defendant Convergys Corporation ("Defendant" or "Convergys") filed its "…Motion To Dismiss Plaintiff's Complaint" (Document No. 11) and "Memorandum In Support Of Defendant Convergys' Motion To Dismiss Plaintiff's Complaint" (Document No. 12) on March 26, 2015.

Defendant seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and because Plaintiff's Complaint is time-barred. (Document Nos. 11 and 12).

On March 31, 2015, the undersigned *sua sponte* issued a Roseboro Notice advising Plaintiff that she had a right to respond to the motion to dismiss on or before April 17, 2015, and that "[f]ailure to file a timely and persuasive response will likely lead to the dismissal of this lawsuit." (Document No. 14).

"Plaintiffs' Opposition To Defendant's Motion To Dismiss" (Document No. 16) was filed on April 17, 2015. On April 20, 2015, the undersigned denied without prejudice "Plaintiff's Motion To Request An Attorney" (Document No. 15). See (Document No. 17). "Defendant Convergys' Reply In Support Of Its Motion To Dismiss Plaintiff's Complaint" (Document No. 18) was then filed on April 27, 2015.

The undersigned previously issued a "Memorandum & Recommendation" (Document No. 19) ("original M&R") on September 4, 2015, recommending that this matter be dismissed. Neither party filed a timely objection to the original M&R. See (Document No. 19, p.7).

In the original M&R, the undersigned concluded that Plaintiff's lawsuit was time-barred, and that even *if* it was timely filed, Defendant's other arguments for dismissal were also persuasive and would likely support dismissal. (Document No. 19, p.6). In consultation with Judge Cogburn's chambers, the undersigned has determined that a fuller analysis of Defendant's arguments pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) may be helpful to the Court.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address

before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Id. at 768-69. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

> Although district courts must liberally construe *pro se* complaints, courts cannot act as the *pro se* plaintiff's advocate and cannot develop claims which the plaintiff failed to clearly raise on the face of the Complaint. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). *See also Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985). As a result, even a *pro se* plaintiff's basis for relief "requires more than labels and conclusions...." *Twombly*, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). In light of *Twombly* and *Bass*, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will simply not suffice.

Adler v. Anchor Funding Services, LLC, 3:10-CV-515-MOC-DCK, 2011 WL 1843226, at *2 (W.D.N.C. May 16, 2011).

### III. DISCUSSION

Defendant Convergys presents thorough and compelling arguments for dismissal of this lawsuit. (Document Nos. 11 and 12). Specifically, Defendant argues that: (1) Plaintiff failed to

exhaust her administrative remedies for race and color claims;  (2) Plaintiff failed to allege sufficient factual support to state any plausible claim for relief;  and (3) that Plaintiff's claims are time-barred.  (Document No. 12, pp.4-13).

A.     **Administrative Remedies**

First, Defendant argues that Plaintiff's race and color discrimination claims are subject to dismissal because Plaintiff failed to exhaust her administrative remedies.  (Document No. 12, pp.2, 4-6).  Defendant observes that Plaintiff's "Charge of Discrimination" (Document No. 1-2) ("EEOC Charge") alleges discrimination based on sex and age, and for retaliation "for opposing practices made unlawful" under the Age Discrimination in Employment Act of 1967 ("ADEA"), but does not specifically allege "race" or "color" discrimination.  (Document No. 12, p.6) (quoting Document No. 1-2).  Defendant also argues that Plaintiff failed to make any allegations in the "particulars" section of the EEOC Charge relating to race or color discrimination.  Id.

Defendant concludes that Plaintiff failed to exhaust her administrative remedies under Title VII, and therefore, this Court lacks subject matter jurisdiction over Plaintiff's purported race and color discrimination claims.  Id.  (citing Bryant v. Bell Atl. Maryland, Inc., 288 F.3d 124, 133 (4th Cir. 2002) (finding color and sex discrimination claims unexhausted and, thus, barred where Plaintiff's EEOC charge alleged discrimination based on race);  and Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300-301 (4th Cir. 2009) (affirming dismissal of claims for age, sex, and race discrimination where relevant EEOC charged alleged only retaliation)).

"Plaintiff's Opposition To Defendant's Motion To Dismiss" (Document No. 16) was timely filed, but lacks any rebuttal to Defendant's contention that Plaintiff failed to exhaust her administrative remedies.  Plaintiff does deny that she failed to exhaust her administrative remedies,

but she does not contend that her EEOC Charge includes claims based on race or color, or that she otherwise alleged such discrimination prior to this lawsuit. (Document No. 16, p.1).

The undersigned agrees that the EEOC Charge lacks any specific, or general, reference to race or color, and does not include allegations that would even suggest discrimination based on race or color. See (Document No. 1-2). Moreover, "Plaintiff's Opposition…" and its attachments, appear to lack any mention of race or color. (Document Nos. 16 and 16-1).

Based on the foregoing, the undersigned agrees that Plaintiff has failed to exhaust her administrative remedies as to claims for discrimination based on race or color. See Bott v. U.S. Airways, 3:09-CV-113-FDW, 2009 WL 1686801, at *2 (W.D.N.C. June 15, 2009) (quoting Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005) ("A plaintiff fails to exhaust his administrative remedies where ... his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit.")).

**B. Factual Support**

Next, Defendant argues that Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(6) because she "fails to allege any facts plausibly entitling her to relief." (Document No. 12, pp.1-2, 7-16). Defendant's "Memorandum In Support…" effectively addresses each issue before the Court in the context of a Rule 12(b)(6) analysis and the undersigned will consider the parties' arguments in the same order. (Document No. 12, pp.8-16).

1. Race / Color Discrimination Claim

Defendant contends that "even a cursory review of the Complaint reveals that there is not a single factual allegation supporting these claims" for race and color discrimination. (Document No. 12, p.8). Defendant also notes that Plaintiff fails to identify her own race/color, and fails to allege that she was treated differently than members outside her protected class. (Document No.

12, p.9) (citing Davis v. BBR Mgmt., LLC, 2011 WL 337342, at *8 (D.Md. Jan. 31, 2011) (dismissing employment discrimination claims where the allegations were conclusory and plaintiff offered no facts to support claim that she was treated differently as a result of protected characteristics, including race); see also Coleman v. Maryland Court of Appeals, 626 F.3d 187 (4th Cir. 2010).

Defendant concludes that "[u]nder even the most liberal pleading standard, the Complaint's complete dearth of factual content regarding either race or color discrimination entitles Convergys to a dismissal of both claims." Id. (citing Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949) ("bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes.")).

"Plaintiff's Opposition…" does not present any argument that the factual allegations in her Complaint regarding these claims (or any of her other claims) are sufficient to survive Rule 12(b)(6) review; nor does her "…Opposition…" or its attachments forecast that such facts exist. (Document No. 16; Document No. 16-1). Instead, the crux of Plaintiff's response and its attachments, as well as the Complaint, is the allegation that on August 14, 2014, following a disagreement with a co-worker (Defendant Iona Ivey) Plaintiff was struck by the co-worker and suffered a contusion (bruise). (Document No. 1, pp.4 and 7; Document No. 1-2, p.1; Document No. 16-1, pp.3, 6-15).

The undersigned agrees that Plaintiff's claims of race and/or color discrimination lack sufficient factual support.

2. Sex Discrimination Claim

Defendant contends that like her race and color discrimination claims, Plaintiff omits any factual allegations to support a claim for discrimination based on sex. (Document No. 12, p.9).

7

Defendant adds that Plaintiff has also again failed to allege that she was treated any differently than employees outside her protected class. (Document No. 12, pp.9-10) (citing Davis, 2011 WL 337342, at *8) (dismissing employment discrimination claims where the allegations were conclusory and plaintiff offered no facts to support the claim that she was treated differently as a result of protected characteristics, including sex).

"Plaintiff's Opposition…" does not argue that Plaintiff has presented sufficient factual support for a sex discrimination claim, nor does it forecast any such evidence. (Document No. 16). Moreover, none of Plaintiff's allegations assert, or even suggest, that she was mistreated on the basis of her sex. See (Document Nos. 1 and 16).

The undersigned agrees that Plaintiff's claim of sex discrimination lacks sufficient factual support. See (Document No. 18, p.2).

3. Age Discrimination Claim

Defendant next addresses Plaintiff's allegation in Count 1 of the Complaint that she was subjected to age discrimination and retaliation in violation of the ADEA. (Document No. 12, p.10) (citing Document No. 1, p.4). Regarding such claims, Defendant asserts that:

> a plaintiff must "plead facts sufficient to state all the elements of her claim" to survive dismissal. *E.E.O.C. v. Tuscarora Yarns, Inc.*, No. 1:09-CV-217, 2010 WL 785376, at *2 (M.D.N.C. Mar. 3, 2010) (citing *Bass,* 324 at 764–65)). In the absence of direct evidence, a plaintiff may make out a *prima face* case of age discrimination by establishing: that she (1) is a member of a protected class; (2) suffered an adverse employment action; (3) was performing her job duties at a level that met the employer's legitimate expectations; and (4) the position remained open or was filled by a similarly qualified applicant outside the protected class. *Darnell v. Tyson Foods, Inc.*, 536 F. App'x 366, 369 (4th Cir. 2013) (citation omitted).

(Document No. 12, p.10).

Defendant argues that Plaintiff offers no facts to support her conclusion that she suffered age discrimination, other than to claim that she is a member of a protected class (age 50). Id. Defendant further argues that Plaintiff did not conclude, or provide supporting facts, that she was meeting Defendant's employment expectations, that she was replaced by an employee outside the protected class or that the position remained open, or what adverse action, if any, she believes was taken because of her age. Id. Defendant further asserts that Plaintiff has also failed to allege that she was subjected to differential treatment compared to persons outside the protected age class. Id. (citing McNulty v. Commc'ns Workers of Am., No. 3:12-CV-022-MOC-DSC, 2012 WL 1569601, at *3 (W.D.N.C. Mar. 16, 2012) adopted by, 2012 WL 1569591 (W.D.N.C. May 3, 2012) (recommending dismissal of an ADEA claim from a *pro se* plaintiff where she failed to allege "how or why discriminatory animus was the basis for" the alleged discriminatory actions or that similarly situated employees outside the protected class were treated differently)).

Defendant notes that the Complaint provides that "there were only three unidentified trainees within her "age group" and that two of these trainees were allegedly terminated at unidentified times for "speaking up" about unspecified events by unidentified decision makers," but Defendant asserts that such a single vague allegation does not support Plaintiff's age discrimination claim. (Document No. 12, p.11) (citing Document No. 1, p.4).

"Plaintiff's Opposition…" again fails to argue that Plaintiff has presented sufficient factual support for an age discrimination claim, or forecast any such evidence. (Document No. 16).

In reply, Defendant notes that an attachment to "Plaintiff's Opposition…" indicates that Plaintiff's trainer is five years older than Plaintiff. (Document No. 18, p.2) (citing Document No. 16-1, p.1). The same attachment contends that Defendant Ivey was fifty-five (55) years old and Plaintiff was fifty (50) years old, "at the time of the incident(s)." Id.

9

The undersigned agrees that Plaintiff's claim of age discrimination lacks sufficient factual support.

4. Age Based Retaliation Claim

Defendant also argues that Plaintiff's claim that she was retaliated against for "opposing practices made unlawful in violation the Age Discrimination in Employment Act of 1967 as amended" should be dismissed. (Document No 12, p.11) (quoting Document No. 1, p.4).

Defendant notes that "to make out a *prima facie* case of ADEA retaliation, Plaintiff must show that: (1) she engaged in protected activity; (2) she suffered an adverse action; and (3) a causal connection existed between the first two elements." Id. (citing Vinesett v. United Parcel Serv., Inc., 3:10-CV-415-MOC, 2012 WL 2326035, at *6 (W.D.N.C. June 19, 2012) aff'd 523 Fed.Appx. 248 (4th Cir. June 6, 2013)). According to Defendant, "Plaintiff does not offer factual allegations to support any of these elements." (Document No. 12, p.12).

Defendant contends that Plaintiff has only provided the "perfunctory conclusion" that she "opposed" unlawful practices. (Document No. 12, p.12) (quoting Document No. 1, p.4). Plaintiff has not explained: the manner in which she "opposed" unlawful practices; the specific actions taken against her as a result; or any facts suggesting a causal connection between the two. Id. Defendant further contends that Plaintiff fails to identify any relevant decision maker, or whether such a decision maker had knowledge of Plaintiff engaging in allegedly protected activity. Id. Defendant concludes that "[a]bsent a single factual allegation on which the Court could make out a plausible claim for retaliatory treatment, Plaintiff's ADEA retaliation claim should be dismissed." Id. (citing Fisher v. Winston-Salem Police Dep't, 28 F.Supp.3d 526, 533 (M.D.N.C. June 27, 2014) (finding ADEA retaliation claim failed pursuant to Rule 12(b)(6) where Plaintiff failed to sufficiently allege that an adverse action was taken against him); Carter v. Global

10

Compliance Servs., Inc., No. 3:12-CV-281-GCM, 2013 WL 3043646, at *3 (W.D.N.C. June 17, 2013) (citing Gray v. Walmart Stores, Inc., 2011 WL 1831780, at *11 (E.D.N.C. May 12, 2011) (dismissing retaliation claim in employment context where, among other things, plaintiff failed to allege "who the relevant decision maker was or whether he or she had any knowledge" of plaintiff's protected activity)).

Defendant acknowledges that the Complaint mentions an attached letter that Plaintiff alleges she submitted "for help from Team Leader, trainer(s), HR Recruiter, Human Relations." See (Document No. 12, p.12; Document No. 1, pp.6-7). However, Defendant argues that even if Plaintiff intends this letter to serve as evidence of "protected activity," her retaliation claim still fails. (Document No. 12, p.12). As Defendant observes, the letter describes a disagreement with Defendant Ivey, culminating in an alleged "assault" by Ivey. (Document No. 12, p.13; Document No. 1, p.7). The letter does not report that Plaintiff believed the incident with Ivey was an act of age discrimination so as to qualify as protected under the ADEA. Id. (citing Barber v. CSX Distrib. Servs., 68 F.3d 694, 702 (3rd Cir. 1995) (Under the ADEA, "A general complaint of unfair treatment does not translate into a charge of illegal age discrimination.") and Mayers v. Shaw Indus., 2010 WL 5158418, at *4 (D.S.C. Nov. 23, 2010) adopted by, 2010 WL 5158415 (D.S.C. Dec. 14, 2010) (recommending dismissal of ADEA retaliation claim when employee's alleged complaint was not based on allegedly unlawful treatment *under the ADEA*, but rather, a safety complaint)).

"Plaintiff's Opposition…" declines to address Defendant's arguments for dismissal of her age based retaliation claim. (Document No. 16). The response does include a letter from Plaintiff to the EEOC dated January 13, 2015. (Document No. 16-1, p.1). In the January 13, 2015 letter, Plaintiff states that Defendant "allowed Ms. Iona Ivey to sexual[ly] and physical[ly] assault Ms.

Mitchell" and that "[u]nder the law Ms. Mitchell has the right to select friends but was not given that opportunity while being employed by Convergy's." Id.

Neither this more recent letter, nor the Complaint, provides any factual allegations to support a finding that Plaintiff was sexually assaulted, or that Defendant "allowed" any kind of assault. (Document No. 1; Document No. 16; Document No. 16-1). In fact, the Complaint specifically alleges that when Defendant Ivey attempted to spray Plaintiff with Lysol, a trainer blocked her from doing so. (Document No. 4, p.7). The response also fails to offer any support for Plaintiff's claim that she was retaliated against based on protected activity regarding age or other discrimination.

The undersigned agrees that even if the letter attached to Plaintiff's Complaint is intended as evidence of protected activity, it does not allege discriminatory conduct. (Document No. 1, p.7). Rather, the letter describes a co-worker who allegedly "hit me with her left hand very hard" and "started yelling at me." Id. Moreover, Plaintiff has since described Ivey as being five years older than Plaintiff. See (Document No. 16-1, p.1). As such, the undersigned agrees that allegations do not support a plausible claim of discrimination, based on age or any other protected characteristic. See Fisher v. Winston-Salem Police Dept., 28 F.Supp.3d 526, 532 (M.D.N.C. 2014) ("An activity is protected when the plaintiff has 'an objectively reasonable belief that she was complaining about' discriminatory conduct.")). Here, the few facts Plaintiff has presented clearly show that she is complaining about a co-worker who allegedly assaulted, sexually harassed, and/or attempted to spray Lysol on her, not discrimination based on age or other protected characteristics. (Document No. 1). "Plaintiff cannot rely merely on her subjective belief that her employer wrongfully failed to discipline a coworker as evidence of an adverse employment action directed toward Plaintiff." Laprise v. Arrow Intern., 178 F.Supp.2d 597, 606 (M.D.N.C. 2001).

Furthermore, even if Plaintiff's letter were construed as protected activity, the undersigned agrees with Defendant that Plaintiff has not presented factual allegations to support a plausible claim of what, if any, adverse action she suffered based on sending that letter to her employer. Plaintiff's Complaint and subsequent filings create significant ambiguity about whether Defendant is alleged to have terminated her, failed to employ her, or attempted to force her to quit her job. Compare (Document No. 1, p.3 and Document No. 16-1, p.1).

Although this claim might present a slightly closer call than Plaintiff's other claims, the undersigned is persuaded that Plaintiff has not provided sufficient facts to state a claim for relief that is plausible on its face.

5. Sexual Harassment Claim

Finally, Defendant argues that Plaintiff's sexual harassment claim "fares no better than her other claims." (Document No. 12, p.13). Defendant notes that Plaintiff explicitly alleges that she suffered "sexual harassment by co-worker Iona Ivey." Id. See also (Document No. 1, p.4). Defendant then explains that when alleged harassment is perpetrated by a co-worker, the employer is "liable in negligence if it knew or should have known about the harassment and failed to take effective action to stop it." (Document No. 12, pp.13-14) (quoting Ocheltree v. Scollon Prods., Inc., 335 F.3d 325, 333-34 (4th Cir. 2003)

Defendant argues that there are no allegations in the Complaint that Plaintiff ever reported sexual harassment to Defendant, or that Defendant should have known that Plaintiff was being sexually harassed. (Document No. 12, p.14). Defendant further asserts:

> In fact, the only evidence of Plaintiff reporting anything related to Ms. Ivey to Convergys is the letter that Plaintiff attached to the Complaint. (Doc. 1, p. 7.) As discussed above, Plaintiff's letter concerning Ms. Ivey details a *single* incident in which it appears the two had a *mutual* disagreement about the placement of a notebook on a desk and during which Ms. Ivey purportedly "assaulted"

13

> Plaintiff. *Id*. Clearly, a single report of a disagreement between coworkers (who, incidentally, are of the same sex) is hardly the type of information that would put Convergys on notice of the need to investigate actionable *sexual* harassment. Moreover, Plaintiff does not allege that Convergys failed to take appropriate corrective measures following her report. Absent allegations suggesting a basis to hold Convergys liable for alleged sexual harassment, Plaintiff's claim must fail.

Id. Plaintiff further explains in a footnote that to the extent Plaintiff is attempting to plead intentional tort claims against Defendant Ivey, Defendant Convergys cannot be held liable. (Document No. 12, p.14, n.4).

Again, "Plaintiff's Opposition…" even liberally construed, does not provide any rebuttal to Defendant's arguments for dismissal of Plaintiff's sexual harassment claim. (Document No. 16). In fact, the letter to the EEOC dated January 13, 2015 and attached to Plaintiff's response specifically states that "*Ms. Ivey* continued to create an environment of Sexual Harassment." (Document No. 16-1, p.1) (emphasis added).

Based on the foregoing, the undersigned will also recommend that Plaintiff's sexual harassment claim be dismissed pursuant to Rule 12(b)(6).

**C.**    **Timing of Complaint**

Regarding the timing of Plaintiff's Complaint, Defendant argues as follows:

> "One of the jurisdictional prerequisites for filing a Complaint under the ADEA and Title VII is the filing of a lawsuit based on the Charge of Discrimination within ninety (90) days from the date of receipt of the EEOC right to sue letter." Robinson v. N. Carolina Employment Sec. Comm'n, No. 3:09-CR-00088-W, 2009 WL 3526495, at *4 (W.D.N.C. Oct. 23, 2009) (citation omitted).
>
> In this case, Plaintiff alleges that she received her Notice of Suit rights from the EEOC on October 17, 2014. (Doc. 1, p. 3) She filed her lawsuit on January 20, 2015 – 95 days from alleged receipt of the Right to Sue Notice. Accordingly, based on Plaintiff's explicit Complaint

allegation, she missed the applicable limitations period and
her lawsuit should be dismissed.

(Document No. 12, pp.16-17).

As Defendant notes, Plaintiff states in her Complaint that she received her "Notice of Right to Sue" from the Equal Employment Opportunity Commission ("EEOC") on October 17, 2014.[1] (Document No. 1, p.3)(citing Document No. 1-1, p.1). Based on Plaintiff's own allegation of the timing of her receipt of the "Notice of Right to Sue," her Complaint had to be filed on or before **January 15, 2015**. Id. *If* Plaintiff received the Notice on October 18, 2014, her Complaint had to be filed on or before **January 16, 2015**.

Plaintiff filed a concise "…Opposition To Defendant's Motion To Dismiss" that contends that she did satisfy the 90 day deadline, and attaches numerous documents. (Document No. 16). Included in Plaintiff's attachments is a letter from the EEOC stating that "[i]f you did not file a lawsuit within the 90-day period, your right to sue in federal court has been lost and cannot be restored by EEOC." (Document No. 16-1, p.2). In addition, Plaintiff has attached a copy of a another letter she apparently sent to the EEOC on January 13, 2015.[2] (Document No. 16-1, p.16). That letter suggests that at some point Plaintiff thought her deadline to file was January 20, 2015, but then Plaintiff acknowledges that when she visited the EEOC office on January 13, 2015, she "**was told January 15, 2015" was her deadline**. Id. (emphasis added).

---

[1] Notably Plaintiff alleges that she received her "Notice Of Right To Sue" on Friday, October 17, 2014, the same day the EEOC mailed the document. Compare (Document No. 1, p.3 and Document No. 1-1, p.1). It is unclear to the Court whether mail sent by the EEOC on October 17, 2014 could be delivered to Plaintiff's post office box address on the same day. It is possible, and perhaps even likely, that Plaintiff would have received the Notice, sent from an adjoining zip code, by Saturday, October 18, 2014.

[2] Plaintiff's hand-written letter (Document No. 16-1, p.16) dated January 13, 2015, appears to be stamped as being received by the Director of the EEOC on that same day – January 13, 2015.

Defendant's "…Reply…" effectively highlights its previous arguments and, in most pertinent part, observes that **Plaintiff has not denied or retracted her original allegation that she received the Notice of Right to Sue on October 17, 2014** – over 90 days before she filed this lawsuit. (Document No. 18, p.5) (citing Document No. 1, p.3, ¶4) (emphasis added).

If the Court found that the date of Plaintiff's receipt of the right-to-sue letter was unknown or in dispute, the presumption would then be that she received her "Dismissal And Notice Of Rights" (Document No. 1-1, p.1) ("Notice") on October 20, 2014. See Habersham v. Charlotte-Mecklenburg Bd. Of Educ., 3:07-CV-002-DCK, 2007 WL 1500541, at *3 (W.D.N.C. May 21, 2007) (quoting Taylor v. Potter, 355 F.Supp.2d 817, 819 (M.D.N.C. 2005) ("Where, as here, the actual date of Plaintiff's receipt of the right-to-sue letter is unknown or in dispute, the court will presume receipt three days after mailing by the EEOC.")); see also Fed.R.Civ.P. 6(e); Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 (1984); and Nguyen v. Inova Alexandria Hosp., 187 F.3d 630, 1999 WL 556446, at *3 (4th Cir. July 30, 1999)).

If Plaintiff did not receive the Notice until October 20, 2014, *which she has not alleged*, she would have typically been required to file her Complaint within 90 days -- by January 18, 2015. However, the undersigned failed to recognize in the original M&R that January 18, 2015, was a Sunday and January 19, 2015 was the federal holiday celebrating Dr. Martin Luther King, Jr. As such, *if* the Court were to presume that Plaintiff received her "Dismissal And Notice Of Rights" (Document No. 1-1) on October 20, 2014, then the filing of her lawsuit on January 20, 2015, *would* be timely.

So far in this litigation, it has not be argued that the date of Plaintiff's receipt of the right-to-sue letter was unknown or in dispute. Unless the Court is presented with a contrary argument or evidence, the undersigned is persuaded that Plaintiff received her "Dismissal And Notice Of

Rights" (Document No. 1-1) on or before October 18, 2014, making her Complaint due on or before January 16, 2015. "Plaintiff's Opposition…" filed on April 17, 2015 does not suggest that the date stated for receipt of the Notice in the Complaint is incorrect, nor has Plaintiff sought leave to file a sur-reply, or to amend the Complaint, or in any way otherwise to argue that she received the Notice on a different date. (Document No. 16). As noted in the Standard of Review, "courts cannot act as the *pro se* plaintiff's advocate and cannot develop claims which the plaintiff failed to clearly raise on the face of the Complaint." Adler, 2011 WL 1843226, at *2.

Based on the foregoing, the undersigned finds that the pleadings and the parties' briefs support a finding that Plaintiff's claims are time-barred.

\* \* \* \*

Finally, the undersigned observes that there is no evidence that Defendant Iona Ivey has been properly served in this matter, and the time for service of a summons and complaint has lapsed. See Fed.R.Civ.P. 4; see also (Document No. 12, p.2, n.1). Moreover, while there are allegations regarding Defendant Ivey that may support intentional tort claims, they do not appear to plausibly support a Title VII action.

Based on the foregoing, the undersigned remains convinced that Defendant has presented multiple compelling arguments for dismissal of this lawsuit. (Document Nos. 11, 12, and 18).

Plaintiff filed a "Motion For 60 Days Extension Of Time To Answer United States Magistrate's Memorandum And Recommendation" (Document No. 20) on September 23, 2015, two (2) days after the deadline to file any objections. The undersigned finds that Plaintiff's request is moot in light of this "Memorandum And Recommendation And Order." Plaintiff may file an appropriate motion for additional time to object to this "Memorandum And Recommendation And Order," if necessary.

## IV. ORDER AND RECOMMENDATION

**IT IS, THEREFORE, ORDERED** that the undersigned's original "Memorandum And Recommendation" (Document No. 19) be **WITHDRAWN**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion For 60 Days Extension Of Time To Answer United States Magistrate's Memorandum And Recommendation" (Document No. 20) is **DENIED AS MOOT**.

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Convergys' Motion To Dismiss Plaintiff's Complaint" (Document No. 11) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED** against all Defendants.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO ORDERED AND RECOMMENDED**.

The Clerk of Court is directed to deliver a copy of this "Memorandum And Recommendation And Order" to the Plaintiff by certified U.S. mail, return receipt requested.

Signed: September 25, 2015

David C. Keesler
United States Magistrate Judge